UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-22363

MANUEL GARCIA, RAIMUNDO SANTOS )
ARRILLAGA, ROGER A HENRIQUEZ )
CUELLAR, VLADIMIR PEREZ, and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
              Plaintiffs, )
vs. )
)
CEILINGS "R" US, INC., )
MOISES GALLEGO, )
)
             Defendants. )
_____ )

## FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS[1]

Plaintiffs, MANUEL GARCIA, RAIMUNDO SANTOS ARRILLAGA, ROGER A HENRIQUEZ CUELLAR, and VLADIMIR PEREZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, CEILINGS "R" US, INC., and MOISES GALLEGO, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant CEILINGS "R" US, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period has not commenced.

employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant MOISES GALLEGO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff MANUEL GARCIA worked for Defendants as serviceman from on or about August 15, 2014 through on or about June 7, 2016.

10. Plaintiff RAIMUNDO SANTOS ARRILLAGA worked for Defendants as a serviceman from on or about February 6, 2015 through on or about December 4, 2015.

11. Plaintiff ROGER A HENRIQUEZ CUELLAR worked for Defendants as a serviceman from on or about February 6, 2015 through on or about November 30, 2015.

12. Plaintiff VLADIMIR PEREZ worked for Defendants as a serviceman from on or about November 18, 2015 through on or about June 12, 2016.

13. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, and 2015.

16. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2016 and is expected to exceed $500,000 for the year 2016.

17. Between the period of on or about August 15, 2014 through on or about mid-December 2015, Plaintiff MANUEL GARCIA worked an average of 70 hours a week for Defendants, of which an average of 25 hours a week was spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks, and was paid an average of $9.00 per hour. Plaintiff was never paid the extra half time rate for an average of 5 hours per week worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 5 hours per week worked above 40 in a week. Also, Plaintiff was never paid anything at all for an average of 25 hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 25 hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

18. Between the period of on or about February 6, 2015 through on or about December 4, 2015, Plaintiff RAIMUNDO SANTOS ARRILLAGA worked an average of 67.5 hours a week for Defendants, of which an average of 25 hours a week was spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants'

jobsites and to and from Defendants' place of business on loaded work trucks, and was paid an average of $9.00 per hour. Plaintiff was never paid the extra half time rate for an average of 2.5 hours per week worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 2.5 hours per week worked above 40 in a week. Also, Plaintiff was never paid anything at all for an average of 25 hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 25 hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

19. Between the period of on or about February 6, 2015 through on or about November 30, 2015, Plaintiff ROGER A HENRIQUEZ CUELLAR worked an average of 67.5 hours a week for Defendants, of which an average of 25 hours a week was spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks, and was paid an average of $9.00 per hour. Plaintiff was never paid the extra half time rate for an average of 2.5 hours per week worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 2.5 hours per week worked above 40 in a week. Also, Plaintiff was never paid anything at all for an average of 25 hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from

Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 25 hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

20. Between the period of on or about November 18, 2015 through on or about June 12, 2016, Plaintiff VLADIMIR PEREZ worked an average of 70 hours a week for Defendants, of which an average of 25 hours a week was spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks, and was paid an average of $10.00 per hour. Plaintiff was never paid the extra half time rate for an average of 5 hours per week worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 5 hours per week worked above 40 in a week. Also, Plaintiff was never paid anything at all for an average of 25 hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 25 hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

21. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                              Respectfully Submitted,

                                              Allyson Morgado, Esq.
                                              J.H. Zidell, P.A.
                                              Attorney For Plaintiffs
                                              300 71st Street, Suite 605
                                              Miami Beach, Florida 33141
                                              Tel: (305) 865-6766
                                              Fax: (305) 865-7167
                                              Email: ZABOGADO@AOL.COM

                                              By:__/s/ Allyson Morgado_____
                                                    Allyson Morgado, Esq.
                                                Florida Bar Number: 91506