UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:16-cv-22363-JEM

MANUEL GARCIA, RAIMUNDO SANTOS ARRILLAGA, ROGER A. HENRIQUEZ CUELLAR, VLADIMIR PEREZ, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

CEILINGS "R" US, INC., MOISES GALLEGO,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TOP PLAINTIFFS' FIRST AMEDNED COMPLAINT

Defendants, CEILINGS "R" US, INC. and MOISES GALLEGO, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint [DE #15], as follows:

1. Admitted that Plaintiffs are bringing this Complaint under the FLSA.

2. Defendants are without independent knowledge of the facts alleged in this Paragraph, but presume them to be true for venue and jurisdictional purposes only.

3. Admitted that CEILINGS "R" US, INC. is a corporation that regularly transacts business within Miami-Dade County, Florida. All other allegations are denied.

4. Admitted that MOISES GALLEGO is an owner of CEILINGS "R" US, INC. All other allegations are denied.

5. Denied.

## **COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. Admitted that the case is arises under the laws of the United States. Defendants are without knowledge as to whether the Plaintiffs are seeking a collective action. All other allegations are denied.

7. Denied.

8. This Paragraph does not contain factual allegations to which a response is required. The referenced statute speaks for itself.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred to the extent that they did not actually work more than forty (40) hours in any workweek.

### Second Affirmative Defense

Plaintiffs' damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fourth Affirmative Defense

To the extent the proper corporate Defendant is found not to be liable, MOISES GALLEGO is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Fifth Affirmative Defense

Assuming, *arguendo*, that Plaintiffs are deemed to be entitled to overtime compensation, they would be entitled to only half their regular rate for all hours worked over forty during any workweek, because they were paid their regular rate for all hours worked, including any hours worked over forty during any workweek.

### Sixth Affirmative Defense

Plaintiffs have not met all of the requirements to bring a collective action under the FLSA.

**Seventh Affirmative Defense**

Plaintiffs' damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

**Eighth Affirmative Defense**

Plaintiffs were not eligible for FLSA overtime because they were not covered individuals under §207 of the Fair Labor Standards Act of 1938; they were not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiffs did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant)**;** *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

**Ninth Affirmative Defense**

Plaintiffs were not covered individuals under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because they were not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, the corporate Defendant's annual gross sales

have never reached or exceeded $500,000.00 during the relevant time period. See, *Batista v. WM Int'l Grp., LLC*, 2016 U.S. Dist. LEXIS 35365, *7-9 (S.D. Fla. Mar. 18, 2016); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *3-4 (S.D. Fla. Jan. 22, 2016); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 4th day of August, 2016.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   adi@lubellrosen.com
>
> By: *s/Adi Amit*
>       Adi Amit, Esquire
>       Florida Bar No. 35257

5

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 4, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ *Adi Amit*
      Adi Amit

## SERVICE LIST

*Manuel Garcia, et al. v. Ceiling "R" Us, Inc., et al.*
S.D. Fla. Case No. 1:16-cv-22363-JEM

| | |
|---|---|
| Allyson Morgado, Esq. | Adi Amit, Esquire |
| Rivkah Jaff, Esq. | LUBELL & ROSEN, LLC |
| K. David Kelly, Esq. | 200 S. Andrews Ave. |
| Stephen Michael Fox, Jr. Esq. | Suite 900 |
| Jamie H. Zidell, Esq. | Fort Lauderdale, Florida 33301 |
| J.H. Zidell, P.A. | adi@lubellrosen.com |
| 300 71st Street | *Counsel for Defendants* |
| Suite 605 | |
| Miami Beach, FL 33141 | |
| amorgado.jhzidell@gmail.com | |
| rivkah.jaff@gmail.com | |
| david.kelly38@rocketmail.com | |
| stepehen.fox.esq@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiff* | |