**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:16-cv-22363-JEM

MANUEL GARCIA, VLADIMIR PEREZ,

    Plaintiff,

v.

CEILINGS "R" US, INC., MOISES GALLEGO,

    Defendants.

_____/

**DEFENDANTS' RESPONE TO MANUEL GARCIA'S MOTION TO VOLUNTARILY DISMISS HIS CLAIMS WITHOUT PREJUDICE AND REQUEST FOR HEARING**

Defendants, CEILINGS "R" US, INC. and MOISES GALLEGO, by and through their undersigned counsel, hereby file their Response to Manuel Garcia's Motion to Voluntarily Dismiss his Claims Without Prejudice [DE #52] as follows:

**Summary of Response**

Manuel Garcia's claims should be dismissed with prejudice and not without prejudice because his claim was frivolous *ab initio* and barred by judicial estoppel as a matter of law and because he never had and indeed does not have, standing to pursue an unpaid wages claim against the Defendants as a matter of law. Dismissal of Plaintiff's claim without prejudice would reward Plaintiff with a do-over, when he cannot and was not able to pursue his claims **at any time during the course of this case** as a matter of law and after he has wasted the Court's time, as well as Defendants' resources in the eight-month outrageous pursuit of his frivolous claim herein.

**Relevant Procedural and Factual Background**

On June 21, 2016, Manuel Garcia (along with two other individuals – Raimundo Santos Arrillaga and Roger A. Henriquez Cuellar[1]) filed the initial Complaint in this matter – alleging unpaid overtime against the Defendants. DE #1.

Specifically, in Paragraph 9, Mr. Garcia alleged that he worked for the Defendants from on or about August 15, 2014 though on or about June 7, 2016 and in Paragraph 16 he alleged that he was owed overtime wages for the period of on or about August 15, 2014 through Mid-December 2015.

*One day prior* – on June 20, 2016 – Manuel Garcia filed a petition for Chapter 13 bankruptcy protection in the Southern District of Florida, Case No. 16-18717-AJC. A copy of Mr. Garcia's Petition is attached as ***Exhibit "A"***.

In completing the bankruptcy petition, Schedule A/B required Plaintiff, *inter alia*, to list all assets that he held at the time, including in line 30, "other amounts someone owes you" for which the following examples are provided: "Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else." See, ***Exhibit A***, at page 14 of 56. Manuel Garcia's response was that he had **no** unpaid wages owed to him.

Further, line 33, required Mr. Garcia to list "[C]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." As examples this line lists the following: "Accidents, employment disputes, insurance claims, or rights to sue." See, ***Exhibit A***, at page 15 of 56. Mr. Garcia, again, responded that he **did not have** any such claim.

On June 20, 2016, Plaintiff signed his bankruptcy petition and schedules under penalty of perjury, declaring that they were true and correct, and knowing that making a false statement,

---

[1] Both of whom have already been dismissed after they failed and/or refused to appear at mediation

concealing property, or obtaining money or property by fraud in connection with a bankruptcy case could result in fines up to $250,000, or imprisonment for up to 20 years, or both pursuant to 18 U.S.C. §§ 152, 1341, 1519, and 3571. See, *Exhibit A*, at page 44 of 56.

Plaintiff simply never listed or otherwise disclosed his alleged unpaid wages and claim against the Defendants on his bankruptcy petition or schedules.

On June 24, 2016 – while his bankruptcy proceedings were pending, Mr. Garcia, through the aid of his counsel, filed his Statement of Claim, alleging that he is owed the total of $46,575 in damages, including liquidated damages. See, *DE #10*. Mr. Garcia never disclosed this alleged property in bankruptcy.

On July 8, 2016 – while his bankruptcy proceedings were pending, Mr. Garcia, through the aid of his counsel, filed an Amended Complaint in this matter, again alleging in Paragraph 9 that he worked for the Defendants from on or about August 15, 2014 though on or about June 7, 2016 and in Paragraph 17 that he was owed overtime wages for the period of on or about August 15, 2014 through Mid-December 2015. See, *DE #15*. Mr. Garcia never disclosed this alleged property in bankruptcy.

On July 22, 2016 – while his bankruptcy proceedings were pending, Mr. Garcia, through the aid of his counsel, filed his Amended Statement of Claim, alleging that he is owed the total of $46,575 in damages, including liquidated damages. See, *DE #17*. Mr. Garcia never disclosed this alleged property in bankruptcy.

Thereafter, on August 26, 2016, while the present case was pending, Plaintiff's Chapter 13 plan was confirmed, based on the information provided by Plaintiff, which excluded his claim against the Defendants. See, *Exhibit B*.

Plaintiff did not seek and did not amend his bankruptcy schedules to disclose his claim against the Defendants, and has not otherwise disclosed the claim against the Defendants in the bankruptcy case. See, *Exhibit C* – Docket Report of case No. 16-18717-AJC.

### a. Plaintiff's Voluntary Dismissal Should be With Prejudice

Fed. R. Civ. P. 41(a)(2) grants the district court the discretionary authority to dismiss an action "on terms that the court deems proper." See, Fed. R. Civ. P. 41(a)(2). Here, as shown below, because the Plaintiff cannot pursue his frivolous and bad faith claims against the Defendants as a matter of law due to judicial estoppel and lack of standing, his requested dismissal should be with prejudice instead of without prejudice.

### b. Judicial Estoppel Applies to Plaintiff's Case and Bars His Claim with Prejudice Against the Defendants as a Matter of Law

Judicial estoppel is a complete bar *with prejudice* to Plaintiff's claim. Judicial estoppel is intended to protect the integrity of the judicial system. It precludes a party from assuming a position in a legal proceeding that is inconsistent with one previously asserted when inconsistency would allow the party to "play fast and loose with the courts." See, *Oneida Motor Freight. Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir.1988), cert. denied, 488 U.S. 967. See also, *McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1192 (11th Cir.1991). The applicability of the doctrine of judicial estoppel uses a two- pronged test. Judicial estoppel requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation and mockery of the courts. See, *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996); See also, *Chandler v. Samford University*, 35 F. Supp. 2d 861 (N.D. Ala.1999); *Silva v. Pro Transp., Inc.*, Civil Action No. 15-23028-Civ, 2016 U.S. Dist. LEXIS 128438 (S.D. Fla. Jan. 12, 2016).

4

Here, it is beyond reasonable dispute that both prongs of the judicial estoppel test have been satisfied against Mr. Garcia in the instant matter. First, Mr. Garcia used the judicial system to assert two legal positions that are completely inconsistent by failing to report his wage and hour claim as a contingent or potential asset in ongoing bankruptcy proceedings, while concurrently retaining counsel to assert claims against and recover from Defendants in this captioned matter. Second, such inconsistency would allow him to benefit from his deliberate manipulation and mockery of the court system. Indeed, by failing to disclose the instant claim to creditors in his bankruptcy proceeding by falsely stating under penalty of perjury that he did not hold such a claim and then seeking recovery here on that undisclosed claim, Plaintiff is acting for his personal benefit, and to the detriment of his creditors. Pursuant to the authorities cited herein, summary judgment and dismissal *with prejudice* would undoubtedly be warranted against the Plaintiff.

### First Prong is Satisfied

The applicability of the doctrine of judicial estoppel uses a two-pronged test. Judicial estoppel requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation and mockery of the courts. *Robinson*, 595 F.3d at 1274; *Ryan Operations*, 81 F.3d at 361; See also, *Chandler*, 35 F. Supp. 2d at 861. Plaintiff has indeed asserted an inconsistent position. Property of the bankruptcy estate includes all assets, including unliquidated inchoate litigation claims that existed at the time of filing. See, *11 U.S.C. §541*; *De Leon v. Comcar Industries*, 321 F. 3d 1289, 1292 (11th Cir. 2003)(affirming summary judgment on judicial estoppel grounds against plaintiff who failed to disclose a **potential** employment discrimination claim to the bankruptcy estate)(Emphasis added).

5

In Chapter 13, the estate is expanded to include all such property that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted. 11 U.S.C. § 1306(a). A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. *11 U.S.C. § 521(1), 541(a)(7)*; *Robinson,* 595 F.3d at 1274. The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [his] financial statements if circumstances change. *Id.* This duty applies to proceedings under Chapter 13 and Chapter 7 alike because any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies. *Id*. citing *De Leon,* 321 F.3d at 1291.

Based on the undisputed facts asserted herein, Plaintiff's failure to list the instant wage and hour claim on his Bankruptcy Schedules, signed under penalty of perjury, is a bar to future prosecution of the claim under controlling Eleventh Circuit authority. See, generally, *De Leon,* 321 F.3d at 1289; See also, *Robinson*, 595 F.3d at 1274. The Eleventh Circuit has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is "crucial" to the system's "effective functioning." *Id*.

In *Robinson*, the Eleventh Circuit held that it is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset. *Robinson*, 595 F.3d at 1274 citing *Parer v. Wendy's Intern, Inc.*, 365 F.3d 1268 (11th Cir. 2004). The Court also held that it is undisputed that such an asset qualifies as property of the bankruptcy estate. *Id*. citing 11 U.S.C. §1306. That Court further held that, given that the plaintiff had filed her claim against the defendant while her bankruptcy was still pending, the claim vested in the bankruptcy estate and the plaintiff accordingly had a duty to notice the suit to all creditors. *Robinson*, 595 F.3d at 1274 citing *In re*

6

*Mosley*, 260 B.R. 590, 595 (Bankr.S.D.Ga. 2000). The failure to timely amend a Chapter 13 filings to reflect a pending claim while simultaneously pursing that claim in another court of law constitutes inconsistent positions under oath. *Robinson*, 595 F.3d at 1275 citing *Ajaka v. Brooks America Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir.2006). Specifically, the Robinson Court stated:

> When Robinson submitted her bankruptcy schedules under oath, she also submitted that she would update those schedules as required. Therefore, when Robinson filed suit against Tyson, she had a sworn duty to disclose that suit to her bankruptcy estate. By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against Tyson in the district court. These actions, both taken under oath, are clearly inconsistent.

*Robinson*, 595 F.3d at 1275.

The case of *Silva v. Pro Transp., Inc.*, Civil Action No. 15-23028-Civ, 2016 U.S. Dist. LEXIS 128438 (S.D. Fla. Jan. 12, 2016), is particularly instructive herein, as the Plaintiff in that case was represented by the same counsel who is representing Mr. Garcia, and presented an almost identical set of facts. In granting summary judgment in favor of the Defendants in that matter, Judge Scola of this District observed:

> [t]he Eleventh Circuit has "repeatedly . . . recognized that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding."

*Id*. at Page *2 (citing *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 788 (11th Cir. 2014). Here, as will be addressed further upon motion, Plaintiff's counsel knew or should have known that Plaintiff's positions were fatally inconsistent and barred and fraudulent *ab initio*.

In the instant matter, as in the cases cited above, the undisputed facts evidence (i) that Plaintiff knew or should have known about the wage and hour claim when he filed the

7

Bankruptcy Case and Bankruptcy Schedules under penalty of perjury ***the day before*** he filed this case; (ii) that Plaintiff did not disclose this known wage and hour claim thereafter in the Bankruptcy Schedules; and (iii) that Plaintiff has not updated his Bankruptcy Schedules to reflect his pending wage and hour claim against Defendants. As in *Robinson*, by failing to update his Bankruptcy Schedules to reflect his pending claim, Plaintiff has represented that he has no legal claims to the Bankruptcy Court while simultaneously pursuing his legal claim against Defendants in this Court. Pursuant to the holding in Robinson, these actions taken under oath are clearly inconsistent, thereby satisfying the first prong of the judicial estoppel test.

### Second Prong is Satisfied

The second-prong of the judicial estoppel test requires that the inconsistent positions taken by a party allow that party to benefit from deliberate manipulation and mockery of the courts. *Robinson*, 595 F.3d at 1274, 1275. When considering a party's intent for the purpose of judicial estoppel, the law requires "intentional contradictions, not simple error or inadvertence." *Robinson*, 595 F.3d at 1275 (citing *Am. Nat'l Bank of Jacksonville v. FDIC,* 710 F.2d 1528, 1536 (11th Cir. 1983)). In considering judicial estoppel in the context of bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claim or has no motive for its concealment. *Robinson*, 595 F.3d at 1275 (citing *Barger v. City of Cartersville,* 348 F.3d 1289, 1295–96 (11th Cir.2003)). While an estopped party's contradiction must be intentional, such intent may be inferred from the record. *Robinson*, 595 F.3d at 1275 citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). This inference is considered a factual finding by the court. *Robinson*, 595 F.3d at 1275.

In *Robinson*, the Court held that it is undisputed that the plaintiff had knowledge of her claims at all material times. *Robinson*, 595 F.3d at 1275. The Court held that the motive to conceal stems from the *possibility* of defrauding the courts and not from any actual fraudulent result. *Id*. (Emphasis added). The Eleventh Circuit affirmed the districts court's ruling that the plaintiff had a motive to conceal her claim because "if she realized any proceeds from the suit prior to the discharge of her bankruptcy ... she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts." *Id*.

Similarly, the Plaintiff in the instant matter has failed to disclose the instant claim as a contingent or potential asset in bankruptcy notwithstanding the fact that Plaintiff hired counsel the same day or the day after filing for bankruptcy to avail himself of his remedies under the law for the current action at all material times.

Remarkably, Plaintiff likewise failed to amend his Bankruptcy Schedules as evidenced by ***Exhibit "C"*** attached hereto even though the attorney he hired to represent him in this case dealt with **the same issue only a few months prior**. The foregoing constitutes an added layer of intent to conceal when considering that the plaintiff in *Robinson* at least attempted to amend her schedules, albeit too late. Even then, the Eleventh Circuit affirmed the district court's ruling that the plaintiff held motive and intent to conceal her claim.

As in *Robinson*, Plaintiff had motive to conceal the existence of the claim and its estimated value. If Plaintiff is successful in concealing the instant wage and hour claim, the same and any recovery therefrom will be excluded from his bankruptcy estate. Should he either win at trial or have the case settle for any amount, that recovery would go directly into Plaintiff's pocket rather than being included and administered as an asset of his bankruptcy estate. Additionally, by excluding any estimated value of his wage and hour claim, Plaintiff was able to

keep the creditors "in the dark," thereby guaranteeing that he would be able to pay less to his creditors in the Bankruptcy Case. Plaintiff's actions are akin to those of the plaintiff in Robinson, in which the Eleventh Circuit held that the plaintiff's motive and intent were clearly inferred from the record and that the inconsistent position taken by the plaintiff resulted in the deliberate manipulation and mockery of the court system. *Robinson*, 595 F.3d at 1275. At all material times, Plaintiff utterly failed to disclose his wage and hour claim to the bankruptcy estate and failed to amend his schedules therein through the confirmation of his plan, notwithstanding his continuing duty to do so. *Id*. at 1274; See also, *De Leon,* 321 F.3d at 1292.[2]

Even if Plaintiff proffers an "explanation" of ignorance, it is irrelevant. *Chandler v. Samford University*, 35 F. Supp. 2d 861, 865 (N.D. Ala 1999). Ignorance of the law is simply not an accepted "excuse" for a party's failure to comply with the requirements of full disclosure. *Id*. Moreover, at all material times hereto, Plaintiff has been represented by counsel and never even attempted to provide notice to the bankruptcy estate of his alleged wage and hour claim. Mr. Garcia's conduct is a classic example of deliberate "manipulation" or nondisclosure. As stated by Judge Scola in *Silva v. Pro Transp., Inc.*, Civil Action No. 15-23028-Civ, 2016 U.S. Dist. LEXIS 128438 (S.D. Fla. Jan. 12, 2016):

> To determine whether a party's nondisclosure was a "deliberate manipulation," the law requires "intentional contradictions, not simple error or inadvertence." A debtor's failure to satisfy his or her statutory duty to disclose is "inadvertent" **only when** the debtor either lacks knowledge of the undisclosed claim or has no motive for its concealment. (emphasis added)

---

[2] In De Leon, the Eleventh Circuit specifically held that:
Despite De Leon's continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy documents to add a **potential** employment discrimination claim until after Comcar relied on it in its motion to dismiss the case. The success of our bankruptcy laws requires a debtor's full honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. *Burnes,* 291 F.3d at 1288. Because De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer from the record his intent "to make a mockery of the judicial system.")[Emphasis added]. *De Leon,* 321 F.3d at 1292.

Here, Mr. Garcia had knowledge of his alleged claim and, obviously, a motive to conceal it from his bankruptcy creditors.

As in *Robinson*, Manuel Garcia had a duty to disclose substantial changes in his assets. See *Robinson*, 595 F.3d at 1275. As did the plaintiff in Robinson, Mr. Garcia had a motive to conceal his claims against the Defendants in order to keep any proceeds derived therefrom. See *Id*. This finding is reasonable on the record presented. *Id*. As such, the requisite intent to make a mockery of the judicial system from the record must be inferred. *Id*. Plaintiff cannot provide evidence to overturn the inference of concealment given that he has utterly failed to amend his schedules and notify the bankruptcy estate of a claim he is concurrently litigating in this forum. *Id*. For the foregoing reasons, the second-prong of the judicial estoppel analysis has been satisfied.

c. **Manuel Garcia Does Not Have and Cannot Have Standing to Pursue his Wage Claims Against the Defendants as a Matter of Law**

As noted by Judge Scola in the Order Adopting Magistrate's Report and Recommendation in *Silva v. Pro Transp., Inc.*, Civil Action No. 15-23028-Civ, a pre-petition cause of action is the property of the . . . bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. See, *Silva v. Pro Transp., Inc.*, Civil Action No. 15-23028-Civ-Scola, 2016 U.S. Dist. LEXIS 137607, at *5-6 (S.D. Fla. Sep. 30, 2016) (citing *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Here, as in *Silva*, Mr. Garcia's claim is not his to pursue, but would be his bankruptcy trustee's claim to pursue (had it been disclosed). Thus, Mr. Garcia has no standing and can never pursue his pre-petition wage claim against the Defendants and the dismissal against him should be with prejudice.

## Conclusion

For the above listed reasons, Defendants ask that the Court dismiss Manuel Garcia's claim against them with prejudice because he cannot, and was not able to as of June 21, 2016, pursue his claims against the Defendants as a matter of law.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(b), Defendants hereby request a hearing on Plaintiff's Motion to Dismiss Without Prejudice. A hearing on the Motion would provide an opportunity for the Parties to present fully their respective positions on the issues presented by the Motion and Defendants' Response. Defendants estimate that one (1) hour will be sufficient for oral argument for both Parties.

Respectfully submitted, this 27th day of February, 2017.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   adi@lubellrosen.com
>
> By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/ *Adi Amit*
> Adi Amit

## SERVICE LIST

*Manuel Garcia, et al. v. Ceilings "R" Us, Inc., et al.*
S.D. Fla. Case No. 1:16-cv-22363-JEM

Allyson Morgado, Esq.
Rivkah Jaff, Esq.
K. David Kelly, Esq.
Stephen Michael Fox, Jr. Esq.
Jamie H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com
david.kelly38@rocketmail.com
stepehen.fox.esq@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiffs*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Ave.
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*