UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22363-CIV-JEM

| | |
|---|---|
| MANUEL GARCIA et al., and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiffs,<br>vs.<br><br>CEILINGS "R" US, INC.,<br>MOISES GALLEGO,<br><br>Defendants.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11</u>

COMES NOW the Plaintiff Garcia, through the undersigned, and moves the Court to impose sanctions against Defendants and Defendants' counsel, jointly and severally, as follows under Rule 11:

## <u>INTRODUCTION</u>

1.  This matter sounds under Fair Labor Standards Act ("FLSA").

2.  For the reasons below, Defendants and Defendants' counsel should be sanctioned respectively under Rule 11.

3.  Prior to this Motion being filed, Plaintiff filed a Motion under 28 U.S.C. Section 1927, because Defendants and Counsel filed a vexatious motion for sanctions [DE 64].

4.  Plaintiff refers to the argument below, that was also set forth in the Response filed in opposition to [DE 64].

5.  As set forth below, a frivolous sanctions motion is also sanctionable, and Defendants are retaliating against Plaintiff and Counsel, and have caused unnecessary legal work to be expended by the Court.

6.  It is admitted in Defendants' Motion that the defense was aware about the bankruptcy in question, since Plaintiff Garcia's interrogatory response was served on 9/30/16. Defendants served the Rule 11 motion on 2/21/17, (approximately 5 months later) and then waited until 4/30/17 to file the sanctions motion.  Moreover, attached to the Response is an e-mail to defense counsel dated 9/30/16 demonstrating service of Plaintiff Garcia's responses to Defendants request for production; such attachment also includes Response No. 25 that identifies, *inter alia*, "two (2) bankruptcy letters…."  Also attached to the Response, are the actual (2) letters relevant to Plaintiff Garcia's bankruptcy plan, including, among other things, a list of creditors.  Thus, Defendants and defense counsel were fully apprised of the bankruptcy since 9/30/16.  The defense then continued to tenaciously litigate against Plaintiff Garcia's claim increasing attorneys fees on both sides, and did not serve the Rule 11 motion until 2/21/17.  Defendants also waited until January 2017 to question  Plaintiff Garcia at deposition on matters that included the bankruptcy.  Notwithstanding knowledge of the bankruptcy since 9/30/16, the defense continues to cause the expense of attorney work on both sides along with judicial resources, as Defendants have chosen to vexatiously multiply these proceedings with protracted sanctions litigation.

7. Defendants never moved to amend their answer and affirmative defenses to add judicial estoppel as an affirmative defense.  *See*, Defendants' Answer and Affirmative Defenses to the Amended Complaint [DE 20] filed 08/04/2016.  As discussed below,

Defendants likely waived the defense.  Nevertheless, as set forth *infra*, Plaintiff dismissed his action, yet Defendants chose to continue litigating this matter.  Plaintiff Garcia's interrogatory and request for production responses were served on 9/30/16 disclosing the bankruptcy, yet Defendants and their Counsel never sought to amend to raise the estoppel defense, and did not serve a Rule 11 motion until 2/21/17; and they continue to litigate this particular issue seeking sanctions.[1]

8.  Defendants are presenting judicial estoppel under a strict liability theory, and appear to believe they do not even need to raise the defense or present the issue for consideration by the Court or opposing party.  Plaintiff Garcia's interrogatory responses were served on 9/30/16 disclosing the bankruptcy, and Defendants chose to litigate Plaintiff Garcia's claim for approximately 5 months before serving a Rule 11 motion.

9.  Defendants' Motion uses language such as "knowledge" or "willful ignorance", and on Page 1, even claim Plaintiff's Counsel "acted in bad faith in an attempt to make a mockery of the legal system"[2].  In this matter, the Court should also query whether Defendants and their Counsel, when they were served with Plaintiff Garcia's interrogatory response and production response on 9/30/16 (disclosing the bankruptcy), were either negligent in not seeking leave to amend to add the affirmative defense of estoppel, were willfully ignorant, or whether there was a calculated effort to litigate Plaintiff Garcia's claim on the merits for nearly (5) months to accrue further fees and then later seek sanctions (after all Parties and the Court expended resources).   As

---

[1] Defense counsel and Defendants were encouraged to end this litigation upon Plaintiff Garcia's voluntary dismissal, but they continue their "pound of flesh" approach.  This, in turn, has caused the undersigned Firm and Plaintiff to file a sanctions motion against Defendants and their Counsel for having filed the instant vexatious motion.

[2] These false, personal attacks, are characteristic of defense counsel, as the undersigned Firm has experienced in other instances.

indicated below, defense counsel has made personal threats against the undersigned Firm and specific attorneys.

10.  Also, in February 2017, the 11th Circuit Appeals Court in *Slater* heard oral argument.  *See*, *Slater v. U.S. Steel Corp*., 820 F.3d 1193 (11th Cir. 2016), *reh'g en banc granted, opinion vacated* (Aug. 30, 2016).  *Slate*r initially affirmed summary judgment based on judicial estoppel predicated on inappropriate bankruptcy disclosures, similar to those that occurred in *Silva v. Pro Transport, Inc.,* 15-23028-CIV-SCOLA (sometimes herein "*Silva*").[3]

11. In *Silva*[4], the undersigned Firm argued that judicial estoppel was not automatic based on the Plaintiff's bankruptcy omissions, and that such case was not subject to judicial estoppel considering the underlying facts. The Undersigned Firm argued that, even if judicial estoppel applied, sanctions should not be imposed because the arguments (factual and legal) opposing judicial estoppel, were certainly not frivolous nor conducted in bad faith. The Court in *Silva* disagreed (having previously granted summary judgment to Defendants) and found that the undersigned Firm had violated Rule 11, and Section 1927 in filing and opposing Defendants' motion for summary judgment, and ruled that the undersigned Firm (and Plaintiff) should pay Defendants' attorney's fees and costs from the case's inception for having brought the case-- which the Court determined to be a "loser"-- from its inception predicated on judicial estoppel.

---

[3]*Slater* implemented substantially the same authority as *Silva* used to support its summary judgment ruling in favor of the Defendants.  See, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), *Parker v. Wendy's International, Inc.*, 365 F.3d 1268 (11th Cir. 2004)."

[4]*Slater* implemented substantially the same authority as *Silva* used to support its summary judgment ruling in favor of the Defendants.  See, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), *Parker v. Wendy's International, Inc.*, 365 F.3d 1268 (11th Cir. 2004)."

12. In August, 2016, the 11th Circuit granted Appellant's Motion for a re-hearing en

banc[5] and vacated the *Slater* decision. Oral Argument was heard *en banc* in February,

2017 and an opinion could issue at any time. *See*, *Slater v. U.S. Steel Corp.*, 820 F.3d

1193 (11th Cir. 2016), *reh'g en banc granted, opinion vacated* (Aug. 30, 2016).[6]  For

reference, attached to Plaintiff's/Counsel's Response to the sanctions motion as Exhibits,

concerning the *Slater* matter are: 1) *En Banc Brief of Amicus Curiae National*

*Association of Consumer Bankruptcy Attorneys in Support of Appellant and Seeking*

*Reversal of the District Court's Decision*, 2016 WL 6678146 (C.A.11) (Appellate

Brief)(10/24/16); and 2) *Appellant's Brief for Rehearing Enbanc*, 2016 WL 6247341

(C.A. 11)(Appellate Brief)(10/19/16).  This Motion refers to *Slater*, to apprise the Court

that estoppel is not automatic and clear-cut, especially based on the facts of this case.

13. The case at bar is different from *Silva*, in that the Defendants never moved to amend

their answer and affirmative defenses to add judicial estoppel as an affirmative defense.

*See*, Defendants' Answer and Affirmative Defenses to the Amended Complaint [DE 20]

filed 08/04/2016.  As discussed below, Defendants likely waived[7] the estoppel defense by

not pleading it, and they raised the issue of estoppel for the first time in the Rule 11

motion served approximately (5) months after Defendants became aware of the

bankruptcy via Plaintiff's interrogatory response.  Defendants have chosen to vexatiously

---

[5] Apparently Judge Tjoflat, who originally sat on the *Slater* Panel when it was originally decided in February 2016, voted for the opinion to be heard *en banc*.

[6] In *Silva*, Plaintiff and Counsel have filed an objection to the Magistrate's R&R [DE 80] regarding fees awarded, and also asked the District Judge should stay the *Silva* matter, and not rule on the R&R pending ruling from the Eleventh Circuit in the case of *Slater v. U.S. Steel Corp.*, 820 F.3d 1193 (11th Cir. 2016), *reh'g en banc granted, opinion vacated* (Aug. 30, 2016).

[7] In *Silva* (unlike the instant case), it was the Defendants that first "unearthed" the bankruptcy inconsistencies in that case.

multiply these proceedings[8] with protracted sanctions litigation.  However, Plaintiff and

Counsel believe the Briefs in *Slater* further demonstrate that Defendants in the case at bar

should not be awarded sanctions, particularly after they benefited from the estoppel (as

such factored into Plaintiff voluntarily dismissing his claim)—such voluntary dismissal is

a salient fact that further materially, and importantly, distinguishes this case from *Silva*.

The Amicus Brief in *Slater* (filed with Plaintiff's/Counsel's Response in the case at bar)

states that "Chapter 13 cases are structured differently. As in all other bankruptcy

chapters, the Chapter 13 estate includes prepetition legal claims. 11 U.S.C. § 541(a)(1).

Unlike other chapters, Chapter 13 debtors remain in possession of estate property, 11

U.S.C. § 1306(b), which means that they have standing to prosecute legal claims on

behalf of the estate, *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2 (11th Cir.

2004*); Smith v. Rockett*, 522 F.3d 1080, 1081-1082 (10th Cir. 2008)."  *En Banc Brief of*

*Amicus Curiae National Association of Consumer Bankruptcy Attorneys in Support of*

*Appellant and Seeking Reversal of the District Court's Decision*, 2016 WL 6678146, *21

(C.A.11).  Consequently, Plaintiff Garcia had standing to continue to seek his FLSA

damages in the bankruptcy court, which lends itself to the conclusion that the

undersigned Firm did not engage in sanctionable conduct, because judicial estoppel did

not necessarily act as an automatic bar to Plaintiff Garcia's claim.

14.  Unfortunately, the undersigned Firm has reason to be concerned that defense counsel

made a calculated effort to vexatiously multiply the proceedings, and allow further fees to

accrue, due to unreasonable and abusive conduct by defense counsel towards the

---

[8]This vexatious conduct by Defendants and defense counsel has resulted in a sanctions motion being filed against them in conjunction with this Response; unlike *Silva*, in this case Plaintiff initiated disclosure of the bankruptcy (in September 2016).

undersigned Firm.  First, defense counsel Mr. Amit, in approximately late February 2017, during a telephone conference with Joshua Sheskin, Esq. (a former associate at the undersigned Firm), communicated a highly offensive and disturbing threat directed towards Rivkah Jaff, Esq. (a current associate at the undersigned Firm).  Defense counsel, during the conversation with Mr. Sheskin, threatened to lodge a bar complaint against Ms. Jaff, in an effort to specifically jeopardize her immigration status and ability to practice law in the United States.  Ms. Jaff is a Canadian citizen, and naturally found such personal threat to be an unacceptable abuse of the civil litigation process.   Mr. Sheskin reported to the undersigned Firm that defense counsel had clearly crossed the line, with respect to threats to make efforts to cause Ms. Jaff to be deported by getting her in trouble with the Florida Bar.

15. Moreover, in particular relation to the above-captioned matter, Mr. Sheskin informed Plaintiff's Counsel J.H. Zidell, Esq., that defense counsel communicated to Mr. Sheskin that Mr. Sheskin should withdraw from the above-captioned action, and that he did not desire to seek sanctions against Mr. Sheskin (who defense counsel allegedly indicated that he liked).  Consequently, there appears to be further evidence that defense counsel is targeting specific attorneys at the undersigned Firm, in order to harass them in a most unprofessional manner.

16. In addition to the aforesaid, during a telephone conference between the undersigned and defense counsel, defense counsel unfortunately threatened that he was going to "destroy" Mr. Zidell's law firm.  To the best of the undersigned's recollection, such conversation took place in the last quarter of 2016 concerning a different FLSA matter, and defense counsel certainly threatened to "destroy" Mr. Zidell's law firm during the

telephone conversation.  Defense counsel's approach in this matter, and generally vis-à-vis the undersigned Firm, is beyond overkill, and this Court should find that enough is enough.

17.  Given that defense counsel has expressed the aforesaid desire to personally attack selected individual attorneys at the undersigned Firm and also to destroy the Firm, Counsel for Plaintiff has real concerns that defense counsel has engaged in a calculated effort to litigate Plaintiff Garcia's claim on the merits for nearly (5) months to accrue further fees, and then later seek sanctions (after all Parties and the Court expended resources).  Furthermore, the Court should be aware of the said tactics and threats, as they are unjustified and an unacceptable abuse of the litigation process.  The defense has allowed the safe harbor period to lapse, and refuses to withdraw the objectionable sanction motion.

## MEMORANDUM OF LAW AND ARGUMENT

Defendants' sanction motion violates Rule 11 due to the frivolous content of the pleading.  *See, Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11 "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys.  Plaintiff therefore seeks sanctions for all fees and costs accordingly against both Defendants and Defendants' counsel in relation to their frivolous and bad faith pleadings.

As reflected by the docket, Plaintiff Garcia previously moved for a voluntary dismissal "without" prejudice[9].  Thereafter, this Court dismissed Plaintiff Garcia's claim "with" prejudice.  Since the Court has already made such ruling, Plaintiff will not herein

---

[9]The motion agreed for it to be "with" prejudice, if the Court determined that was appropriate.

re-argue that motion and the reply; but Plaintiff did satisfy the Rule 11 safe harbor

provision and therefore sanctions are not warranted under Rule 11.  Thus, it is Plaintiff's

understanding that the Court in its discretion dismissed the claim "with" prejudice, but

could have dismissed "without prejudice" under *Robinson v. Alutiq-Mele, LLC*, 643 F.

Supp. 2d 1342, 1351 (S.D. Fla. 2009) if it had chose to do so.  *See*, Plaintiff's motion to

voluntarily dismiss without prejudice regarding same[10].

      As stated, the defense never moved to amend to add estoppel as affirmative

defense.  Affirmative defenses are normally waived if not pled.  *Diaz v. Jaguar Rest.*

*Group, LLC*, 2010 U.S. App. LEXIS 25361 (11th Cir. Fla. Dec. 13, 2010).

      In *Edwards,* the Eleventh Circuit stated that "[w]e have also concluded that an

omission of an affirmative defense in responsive pleadings does not prejudice a plaintiff

when the defendant first raises the defense in a pretrial motion or discussion and the

subject matter of discovery *suggests that the defendant will rely on the defense.  Edwards*

*v. Fulton County, Ga*., 509 Fed. Appx. 882, 887 (11th Cir. 2013).  In the case at bar,

unlike *Silva supra*, the defense did not file a summary judgment or some other pretrial

motion indicating they were seeking estoppel.  Defendants never threatened sanctions

prior to the Rule 11 conferral.  The first time Defendants raised the issue of estoppel was

in the Rule 11 motion served approximately (5) months after Defendants became aware

of the bankruptcy.  Defendants therefore never moved to amend their defenses, and then

participated in (5) months of litigation on the merits for which they seek fees as sanctions

(in addition to the sanctions litigation they have now commenced), when they were aware

---

[10] Plaintiff agreed to a dismissal "with" prejudice, if the Court found it appropriate to do
so.

of Plaintiff's bankruptcy and never raised such issue in any pretrial pleading prior to service of the Rule 11 motion.

A frivolous sanctions motion is also sanctionable.  In *Riccard*, the Eleventh Circuit noted that "they filed the Rule 11 motion anyway, requiring the district court and Prudential to spend time and effort dealing with it. They should have been sanctioned for their bad faith motion, as they were."  *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002).  Plaintiff cites *Riccard*, as it is clear sanctions motions (like other pleadings) are sanctionable.   For the reasons set forth herein, Plaintiff and Counsel believe Defendants and their Counsel have vexatiously sought sanctions in this matter, through their motion for sanctions that violates both Section 1927 and Rule 11.  The undersigned had an in-person conferral with defense counsel Mr. Amit at the undersigned Firm on 5/3/16.  The defense has thus far refused to withdraw their sanctions motion.

I.   **There is no Duty to Investigate a Client's Representations and Plaintiff could not Waive his Overtime Rights, and Regardless Sanctions are not Warranted under the Particular Facts of this Case**.[11]

The Supreme Court has ruled that a worker's rights to overtime wages cannot be waived or abridged by contract; they are "inalienable" in the employment law context. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981).  Consequently, the Court should implement a heightened scrutiny[12] in evaluating the imposition of additional sanctions, particularly when Plaintiff's claim has now already been dismissed with prejudice.  As stated, Plaintiff, unlike in *Silva*, <u>voluntarily</u> dismissed  his claim

---

[11] Rule 11 is not viable in this case since, among other reasons, Plaintiff voluntarily dismissed his claim within the (21) day safe harbor provision.
[12] Since a plaintiff's FLSA rights cannot normally be waived, this Court should consider same when determining bad faith on the part of the undersigned Firm during the litigation.

within the Rule 11 safe harbor period. An attorney multiplies the proceedings unreasonably and vexatiously when the conduct is egregious to the level of bad faith. *See*, *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir.2007), and also *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

In *Silva*, the Defendants discovered the bankruptcy, and the Plaintiff continued to prosecute the claim. In the case at bar, the Plaintiff voluntarily dismissed within the safe harbor period, and therefore this Court should find that Rule 11 need not even be factored into the analysis. Therefore, the undersigned points out that there is no duty to investigate the representations of the client; however, regardless, in this case sanctions are not warranted anyway, because Plaintiff disclosed the bankruptcy, and Defendants likely waived the estoppel defense for failing to plead it. Moreover, the Amicus Brief in *Slater* states that "Chapter 13 cases are structured differently. As in all other bankruptcy chapters, the Chapter 13 estate includes prepetition legal claims. 11 U.S.C. § 541(a)(1). Unlike other chapters, Chapter 13 debtors remain in possession of estate property, 11 U.S.C. § 1306(b), which means that they have standing to prosecute legal claims on behalf of the estate, *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2 (11th Cir. 2004*); Smith v. Rockett*, 522 F.3d 1080, 1081-1082 (10th Cir. 2008)." *En Banc Brief of Amicus Curiae National Association of Consumer Bankruptcy Attorneys in Support of Appellant and Seeking Reversal of the District Court's Decision*, 2016 WL 6678146, *21 (C.A.11). Consequently, Plaintiff Garcia had standing to continue to seek his FLSA damages in the bankruptcy court, which lends itself to the argument that the undersigned Firm did not engage in sanctionable conduct, because judicial estoppel did not necessarily act as an automatic bar to Plaintiff Garcia's claim.

Pursuant to the *Slater* decision, and the briefs (see attached to Plaintiff's Section 1927

motion), the law is not clear-cut that estoppel applies to errors in bankruptcy petitions

automatically.  Estoppel is based on the facts of each case in which it is asserted as a

defense[13].  "Courts have observed that '[t]he circumstances under which judicial estoppel

may appropriately be invoked are probably not reducible to any general formulation or

principle.' *Allen*, 667 F.2d, at 1166; (further citations omitted)." *New Hampshire v.*

*Maine*, 532 U.S. 742, 750 (2001).  See, *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir.

1982).

Moreover, the instant matter is distinguishable from *Silva*.  Defendants are presenting

judicial estoppel under a strict liability theory[14], and appear to believe they do not even

need to raise the defense or present the issue for consideration by the Court or opposing

party.  Plaintiff Garcia's interrogatory and production responses were served on 9/30/16

---

[13]In this matter, Plaintiff's counsel, at the inception of the case, in good faith relied on
Plaintiff's representations that Plaintiff had no other pending cases. Controlling law did
not require Plaintiff's counsel to affirmatively investigate Plaintiff's representation to
Counsel, at the case's inception, that Plaintiff had no other pending cases. Since estoppel
is a fact dependant defense, it would not have been bad faith to file the case *per se*, even
if the Plaintiff had disclosed the bankruptcy upon sign-up.  As stated herein, an attorney
does not have a legal duty to investigate the representations of a client. See, e.g., *U.S. v.*
*Del Carpio-Cotrina,* 733 F.Supp. 95, 99 n. 9 (S.D.Fla.1990).  *Tambourine Comercio*
*Internacional SA v. Solowsky*, 312 F. App'x 263, 278 (11th Cir. 2009); and *Endicott v.*
*Int'l Hospitality, Inc.,* 920 So.2d 915, 922 (Fla 3rd DCA 2005).  In *Del Carpio-Cotrina*
this Court noted that "However, we do not believe that the ethical rules, as written,
require a lawyer to take affirmative steps to discover client fraud or future crimes. Also,
"Independently, the Court is of the view that imposing a duty to investigate the client
would be incompatible with the fiduciary nature of the attorney-client relationship.
*United States v. Del Carpio-Cotrina*, 733 F. Supp. 95, 99 (S.D. Fla. 1990).  *See also,*
*Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 278 (11th Cir.
2009), *Endicott v. Int'l Hospitality, Inc.,* 920 So.2d 915, 922 (Fla 3rd DCA 2005), *Wolfe*
*v. Foreman*, 128 So. 3d 67, 72 (Fla. Dist. Ct. App. 2013), and *Narducci v. Neighbor*, 907
F.2d 155 (9th Cir. 1990).
[14] In *Silva*, summary judgment was entered finding that estoppel barred that plaintiff's
claims; no such summary judgment finding was made in this case, as Plaintiff Garcia
voluntarily dismissed his claim.

disclosing the bankruptcy, and Defendants' chose to litigate Plaintiff Garcia's claim for approximately 5 months before serving a Rule 11 motion.

In this matter, Plaintiff's counsel did not engage in bad faith or vexatious conduct, and Counsel did not have a legal duty to investigate to ensure Plaintiff was being truthful on the intake form when he did not reveal the bankruptcy action.  Importantly, Plaintiff Garcia disclosed the bankruptcy to defense counsel, and such was included in his interrogatory response  served on 9/30/16 disclosing the bankruptcy.  As stated, Defendants and their Counsel never sought to amend to raise the estoppel defense, and did not serve a Rule 11 motion until 2/21/17; and they continue to litigate this particular issue seeking sanctions.

The Court should not sanction Plaintiff or Plaintiff's Counsel, for the reasons set forth in Plaintiff's Response filed on 5/15/17.  To avoid re-arguing the Response, Plaintiff and Counsel refer to their Response and the discussion of case law such as  *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997); *SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312 (S.D. Fla. Nov. 24, 2009) citing *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. NASCO,* Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1576 (11th Cir. Fla. 1995); *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993); *Kreager v. Solomon & Flanagan, P.A*., 775 F.2d 1541 (11th Cir. 1985.); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975); and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *Monk v. Roadway Express, Inc*., 599 F.2d 1378, 1382-83 (5th Cir. 1979); *Loftus v. Southeastern Pennsylvania Transportation Authority*, 8 Fed.Supp. 2d 458; 1998 U.S. Dist. LEXIS 6650 (E.Dist. Pa.

1998); and *Lino L. Alphonso v. Pitney Bowes, Inc. and Norm Somme*r, 356 F. Supp. 2d.

442  (Dist. N.J. 2005).   As stated, in the case at bar, no summary judgment motion was

filed, Defendants never bothered to seek leave to add estoppel as an affirmative defense,

and Plaintiff dismissed voluntarily within Rule 11's safe harbor period.

II.      **Failure to Disclose the Civil Case to the Bankruptcy Court did not**
         **Automatically Preclude Counsel from Filing the Civil Case under the Facts**
         **of this Case.  Also the Court should Consider the *Slater* Case, which is**
         **currently under En Ban Review before the Eleventh Circuit.**

Regarding Section 1927, *Macort* holds that "[T]he statute sets out a three-prong,

conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the proceedings

are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the

excess proceedings." *Macort v. Prem. Inc.*, 208 F.App'x 781, 785-86 (11th Cir. 2006)

(citing Peterson v. BMJ Refractories. 124 F.3d 1386, 1396 (11th Cir. l 997)). "All three

requirements must be met before sanctions are imposed." Id. at 786.  In this case, none of

the factors are satisfied to justify sanctions.   The Defendants, have benefitted

significantly in the bankruptcy court (and also in this court) by not having to pay Plaintiff

overtime that was allegedly owed to Plaintiff, yet they were aware (via the interrogatory

responses) for approximately (5) months about the bankruptcy, but never sought leave to

amend to add estoppel as a defense, and chose to litigate extensively before serving a

Rule 11 motion. Now, the defense seeks to ignite protracted sanctions litigation, which

has clearly and significantly multiplied these proceedings.  See also, *McMahan v. Toto*,

256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g,* 311 F.3d 1077 (11th Cir. 2002).

In this case, the undersigned Firm did not know about the bankruptcy when the case was filed, and did not knowingly file a frivolous case[15].  Later, when the defense was made aware (via the interrogatory and production responses) for approximately (5) months about the bankruptcy, they never sought leave to amend to add estoppel as a defense, and chose to litigate extensively before serving a Rule 11 motion. Now, the defense seeks to ignite protracted sanctions litigation, and have clearly and significantly multiplied these proceedings.

"Courts have observed that '[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle.' *Allen*, 667 F.2d, at 1166; (further citations omitted)." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  See, *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir. 1982).  If there is no general formula or principle for a court to follow, it is unjust and unfair for the Court to find that Plaintiff's Counsel, without question, should not have proceeded with the case because of the potential for Judicial Estoppel.  The question regarding Judicial Estoppel was not certain.  Although Plaintiff voluntarily dismissed in this matter in response to a Rule 11 letter, that in no way equates to having litigated this matter improperly prior thereto.  There is no basis to find that Plaintiff's Counsel exhibited bad faith from the case's inception or anytime thereafter.

As stated, the case at bar is starkly different from *Silva*[16], in that the Defendants never moved to amend their answer and affirmative defenses to add judicial estoppel as

---

[15] As discussed prior, even if the undersigned Firm did know of the bankruptcy when this case was filed, estoppel was not certain.  *See Slater* currently under *en banc* review, and the Briefs regarding same.

[16] *Slater* implemented substantially the same authority as *Silva* used to support its summary judgment ruling in favor of the Defendants.  See, *Burnes v. Pemco Aeroplex,*

an affirmative defense, after being put on notice of the bankruptcy by Plaintiff. *See*,
Defendants' Answer and Affirmative Defenses to the Amended Complaint [DE 20] filed
08/04/2016.  As discussed herein, Defendants likely waived the estoppel defense, and
they raised the issue of estoppel for the first time in the Rule 11 motion served
approximately (5) months after Defendants became aware of the bankruptcy via
Plaintiff's interrogatory and production responses.  Defendants have chosen to
vexatiously multiply these proceedings with protracted sanctions litigation.  However,
Plaintiff and Counsel believe the Briefs in *Slater* (filed with Plantiff's/Counsel's
Response) further demonstrate that Defendants in the case at bar should not be awarded
sanctions, particularly after they benefited from the estoppel (as such factored into
Plaintiff voluntarily dismissing his claim).  As indicated by the Response No. 25 that
identifies, *inter alia*, the "two (2) bankruptcy letters….", Plaintiff Garcia filed a Chapter
13 bankruptcy, and Defendants were put on notice of this back in September 2016.   The
Amicus Brief in *Slater* states that "Chapter 13 cases are structured differently. As in all
other bankruptcy chapters, the Chapter 13 estate includes prepetition legal claims. 11
U.S.C. § 541(a)(1).  Unlike other chapters, Chapter 13 debtors remain in possession of
estate property, 11 U.S.C. § 1306(b), which means that they have standing to prosecute
legal claims on behalf of the estate, *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2
(11th Cir. 2004*); Smith v. Rockett*, 522 F.3d 1080, 1081-1082 (10th Cir. 2008)."   *En
Banc Brief of Amicus Curiae National Association of Consumer Bankruptcy Attorneys in
Support of Appellant and Seeking Reversal of the District Court's Decision*, 2016 WL
6678146, *21 (C.A.11).  Consequently, Plaintiff Garcia had standing to continue to seek

---

*Inc.*, 291 F.3d 1282 (11th Cir. 2002), *Parker v. Wendy's International, Inc.*, 365 F.3d
1268 (11th Cir. 2004)."

his FLSA damages in the bankruptcy court, which lends itself to the argument that the undersigned Firm did not engage in sanctionable conduct, because judicial estoppel did not necessarily act as an automatic bar to Plaintiff Garcia's claim.

III.    **Because the Court Dismissed the Action, the Ultimate Sanction has Already been Imposed.**

The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction:  There must be both [1] a clear record of willful conduct, and [2] a finding that lesser sanctions are inadequate.  *See, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); s*ee also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice.") (quotations omitted).  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice.")

In this case, through dismissal, the Plaintiff has already suffered the ultimate sanction. Therefore, it is respectfully requested the Court not impose any further sanctions in this matter.  Moreover, as stated, Plaintiff Garcia voluntarily dismissed his claim. Defendants arguably waived the estoppel defense, and they raised the issue of estoppel for the first time in the Rule 11 motion served approximately (5) months after Defendants became

aware of the bankruptcy via Plaintiff's interrogatory response.  Defendants have chosen to vexatiously multiply these proceedings with protracted sanctions litigation.

A frivolous sanctions motion is also sanctionable.  In *Riccard*, the Eleventh Circuit noted that "they filed the Rule 11 motion anyway, requiring the district court and Prudential to spend time and effort dealing with it. They should have been sanctioned for their bad faith motion, as they were."  *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002).  Plaintiff cites *Riccard*, as it is clear inappropriate sanctions motions (like other pleadings) are sanctionable.  There seems no reason to differentiate between Rule 11 and Section 1927, regarding the question of whether an inappropriate sanctions motion (like other pleadings) is sanctionable.  In this case, Defendants' sanction motion violates Rule 11 due to the frivolous content of the pleading in light of the defense's conduct regarding these issues.  *See, Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), for the reasons set forth above.

Given that defense counsel has expressed the aforesaid desire to personally attack selected individual attorneys at the undersigned Firm, Counsel for Plaintiff has real concerns that defense counsel has engaged in a calculated effort to litigate Plaintiff Garcia's claim on the merits for nearly (5) months to accrue further fees, and then later seek sanctions (after all Parties and the Court expended resources).  Furthermore, the Court should be aware of the said tactics and threats, as they are unjustified and an unacceptable abuse of the litigation process.  The defense has allowed the safe harbor period to lapse, and refuses to withdraw the objectionable sanction motion.

## RULE 11(c)(2) CERTIFICATE

I hereby certify that on 5/15/17 I served by e-mail and U.S. Mail, pursuant to the Rule 11 Safe Harbor provision, correspondence with a draft motion referencing the applicable twenty-one (21) day safe harbor period, and this matter was not able to be resolved among the Parties.

WHEREFORE, PLAINTIFF GARCIA RESPECTFULLY MOVES THIS COURT TO IMPOSE SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL, JOINTLY AND SEVERALLY, AND ALLOW PLAINTIFF (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION DOCUMENTING THE AMOUNT OF FEES AND COSTS SOUGHT RELEVANT TO DEFENDANTS' SANCTIONABLE PLEADINGS.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:___/s/___K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED
SUBSEQUENT TO E-FILING VIA CM/ECF ON 6/6/17 TO:**

**ALL CM/ECF RECIPIENTS**

**ADI AMIT, ESQUIRE
LUBELL & ROSEN, LLC
*ATTORNEYS FOR DEFENDANTS*
200 S. ANDREWS AVE, SUITE 900
FT. LAUDERDALE, FLORIDA 33301
PHONE: (954) 880-9500
FAX: (954) 755-2993**

**BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22363-CIV-JEM

| | |
|---|---|
| MANUEL GARCIA et al., and all others<br>similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiffs,<br>vs.<br><br>CEILINGS "R" US, INC.,<br>MOISES GALLEGO,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER GRANTING PLAINTIFF'S MOTION</u><br><u>FOR SANCTIONS UNDER RULE 11</u>

This cause, having come before the Court on Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is granted and therefore:

Sanctions are hereby entered against Defendants and Defendants' counsel, jointly and severally.  Plaintiff shall have (20) days from this Order to file a Motion quantifying all fees and costs sought.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2016.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record